The Honorable David M. Love City Attorney 600 West Grand Avenue — Suite 201 Hot Springs National Park, AR 71901
Dear Mr. Love:
This is in response to your request for an opinion pursuant to A.C.A. 25-19-105(c)(3)(B) (Supp. 1987), which is part of the Arkansas Freedom of Information Act ("FOIA"). Specifically, you wish to know if statements given as part of an inquiry into an allegation of sexual harassment as well as reprimands arising from the investigation are subject to public inspection.
You state in your request that an investigation into an allegation of sexual harassment is complete and that the documents detailing the events surrounding the complaint have been placed in the personnel files of the affected employees. The files are maintained by the City.
A.C.A. 25-19-103(1) sets forth the presumption that all records kept in a public office or by public employees within the scope of their employment are public records. The personnel records in question meet the definition of a public record and are subject to the provisions of the FOIA.
However, as you note, A.C.A. 25-19-105(c)(1) (Supp. 1987) exempts from public disclosure "employee evaluation or job performance records, including preliminary notes and other materials," unless the employee is suspended or terminated based upon the evaluation or performance records, and there is a compelling public interest in disclosure.
While neither the Arkansas General Assembly nor an Arkansas court has defined a job performance record, it can reasonably be contended that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. Using that definition, the records at issue can properly be classified as job performance records, or preliminary notes and other materials relating to the performance records, since they detail the actions of employees within the scope of their employment. The records are therefore exempt from public inspection unless the employee is suspended or terminated based upon the documents in question.
Thus, in response to your specific question, statements taken as part of an investigation into an allegation of sexual harassment and maintained in a personnel file are exempt from public inspection as a job performance record unless and until an employee is suspended or terminated and the performance records form a basis for the decision to suspend or terminate. Employee evaluation or job performance records forming a basis for written reprimands or other disciplinary action short of suspension or termination are not, generally, subject to disclosure under A.C.A.25-19-105(c)(1). The provisions of 25-19-105(c)(1) will, however, apply in the event those records at some point form a basis for the decision to suspend or terminate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.